**IN THE COURT OF APPEALS OF IOWA**

No. 15-1297
Filed October 14, 2015

**IN THE INTEREST OF M.H.,**
**Minor Child,**

**J.H., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Louise M. Jacobs, District Associate Judge.

A mother appeals the termination of her parental rights to her child, born in 2012. **AFFIRMED.**

Nancy L. Pietz, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, John Sarcone, County Attorney, and Kevin Patrick, Assistant County Attorney, for appellee State.

Michael R. Sorci of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to her child, born in 2012. She (1) challenges the grounds for termination cited by the juvenile court and (2) contends termination was not in the child's best interests.

*I.* The juvenile court cited several statutory grounds for termination. We may affirm if we find clear and convincing evidence to support any of the grounds. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

The mother has a twenty-year substance abuse history, with her drugs of choice being crack cocaine and marijuana. The child was adjudicated in need of assistance based on the mother's use of drugs while the child was in her care.

The mother entered a residential recovery center, but five months before the termination hearing, left the program and provided no forwarding contact information. At the termination hearing, she admitted using marijuana less than a month earlier. She also admitted her last drug test was probably seven months before the termination hearing. Finally, the mother was not slated to begin outpatient drug treatment services until the evening of the termination hearing.

In sum, the mother had yet to take significant steps to address her long-standing addictions. On our de novo review, we conclude the juvenile court appropriately terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(h) (2015), which requires proof of several elements including proof the child could not be returned to the parent's custody.

*II.* The mother argues termination was not in the child's best interests. *In re P.L.*, 778 N.W.2d 33, 37-38 (Iowa 2010). We disagree. Although the mother regularly attended supervised visits with the child and interacted appropriately

with him, there was no indication she could safely care for him on an independent basis. Had she remained at the residential recovery center, her unsupervised parenting skills would have been reviewed and tested. Her decision to leave and resume her illegal drug use compromised the safety of the child and the prospects for reunification. We conclude termination was in the child's best interests.

**AFFIRMED**.